AB:BLW

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

       - against -

JEFFREY FAUSTIN,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - X

**FILED UNDER SEAL**

AFFIDAVIT AND
COMPLAINT IN SUPPORT OF
AN APPLICATION FOR AN
ARREST WARRANT

21-M-963

(T. 18, U.S.C., § 922(g)(1))

EASTERN DISTRICT OF NEW YORK, SS:

       SIMON LAINE, being duly sworn, deposes and states that he is a Detective

with the New York City Police Department ("NYPD"), duly appointed according to law and

acting as such.

       On or about July 29, 2021, within the Eastern District of New York, the

defendant JEFFREY FAUSTIN, knowing that he had been previously convicted in a court of

one or more crimes punishable by imprisonment for a term exceeding one year, did

knowingly and intentionally possess in and affecting interstate or foreign commerce one or

more firearms, to wit, a Ruger 9 mm pistol, with a defaced serial number.

       (Title 18, United States Code, Sections 922(g)(1))

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.      I am a Detective with the NYPD and have been involved in the investigation of numerous cases involving the recovery of firearms and ammunition.   I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation. Where I describe the statements of others, I am doing so only in sum and substance and in part.

2.      On July 29, 2021, between 12:00 a.m. – 1:00 a.m., two on-duty plain-clothes NYPD officers were on the L train in Brooklyn, New York ("Officer #1" and "Officer #2").[2]   They were sitting near JEFFREY FAUSTIN and a friend of his.   FAUSTIN had a fanny pack strapped around his chest and shoulder.

3.      An unidentified individual (the "Unidentified Individual") boarded the subway car.   JEFFREY FAUSTIN began speaking loudly to the Unidentified Individual. FAUSTIN identified himself to the Unidentified Individual as a member of the 5-9 Brims

---

[1]   Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

[2]   Because multiple officers were involved in the arrest of this defendant, I refer to them as Officer #1 and Officer #2 for ease of reference.   The identities of each of the officers are known to the affiant, and I have interviewed Officer #1 and Officer #2.

gang and asked the Unidentified Individual what gang he was affiliated with.   The

Unidentified Individual indicated that he was a member of the Crips gang.   FAUSTIN then

gestured to his fanny pack and indicated to the Unidentified Individual that he had a firearm

in the fanny pack and that he would shoot the Unidentified Individual if the Unidentified

Individual did not exit the train at the next stop.

        4.      At the next stop, the Unidentified Individual exited the train and began

walking on the subway platform.   JEFFREY FAUSTIN remained in the subway car, but

began walking in the same direction as the Unidentified Individual.   FAUSTIN put a ski

mask over his face, entered the area between subway cars and continued speaking loudly to

the Unidentified Individual.   As the train departed the station, FAUSTIN remained between

the subway cars for a period of time.   It is illegal to stand between subway cars while the

subway is moving.

        5.      When JEFFREY FAUSTIN returned to the subway car, he removed the

ski mask.   Officer #1 approached FAUSTIN, identified himself as a police officer and

instructed FAUSTIN to leave the subway car with him.   FAUSTIN refused to do so.

Officer #1 then attempted to place FAUSTIN under arrest.   FAUSTIN refused to comply, at

which point a struggle ensued between Officer #1, Officer #2, FAUSTIN and FAUSTIN's

friend.

        6.      Incident to JEFFREY FAUSTIN's arrest, Officer #1 conducted a

search of FAUSTIN's fanny pack and recovered from the fanny pack a Ruger 9 mm pistol

with 15 rounds of ammunition in the magazine.

7.      I have reviewed the JEFFREY FAUSTIN's criminal history, which revealed that: (1) on or about October 9, 2018, FAUSTIN was convicted of violating 18 United States Code, Section 922(g)(1), a Class C Felony, and, on or about February 20, 2019 was sentenced to a term of incarceration of 366 days and a term of supervised release of three years; and (2) on or about June 20, 2014, FAUSTIN was convicted of Attempted Criminal Possession of a Weapon in the Second Degree, in violation of New York Penal Law § 265.03, a Class D Felony, and sentenced to a term of incarceration of two years.

8.      I have conferred with a Nexus expert, an ATF Special Agent, who has informed me, in substance and in part, that the recovered firearm was manufactured outside the State of New York.

9.      Based on the foregoing facts, I submit that there is probable cause to believe that JEFFREY FAUSTIN violated 18 U.S.C. § 922(g)(1).

10.      It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the Affidavit and Arrest Warrant.   I believe that sealing these documents is necessary because they are relevant to an ongoing criminal investigation, which is not public at this time. Premature disclosure of the contents of this Affidavit and the related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

WHEREFORE, I respectfully request that an arrest warrant for the defendant

JEFFREY FAUSTIN be issued so that he may be dealt with according to law.

_____
SIMON LAINE
Detective
New York City Police Department

Sworn to before me by telephone this
18th day of August, 2021

_____
THE HONORABLE JAMES R. CHO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

5